UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| CHAD HAYDEN | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) |
| | ) |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) Case No. 16-428 |
| | ) |
| and | ) |
| | ) |
| THE KNAPHEIDE MANUFACTURING COMPANY GROUP HOSPITAL AND FLEXIBLE SPENDING PLAN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. The Plaintiff, Chad Hayden, by and through the undersigned counsel, Talia Ravis, files this Complaint against Defendants Lincoln Life Insurance Company, (hereinafter "Lincoln") and The Knapheide Manufacturing Company Group Hospital and Flexible Spending Plan (hereinafter "the Knapheide Plan").

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 20 U.S.C. §1001.  The Court has jurisdiction over this case pursuant to 20 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, Chad Hayden brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

3. The Plaintiff, Chad Hayden, has at all times material hereto, been a citizen of Ewing, Missouri.

4. Lincoln is a Nebraska corporation doing business in Lewis County, Missouri. Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in the St. Louis Division.

5. Lincoln issued the Knapheide Plan, group policy number 000010160714, to Knapheide Manufacturing Company, for the benefit of employees of Knapheide, agreeing to pay Plaintiff, as a Knapheide employee and participant of the Knapheide Plan, long-term disability ("LTD") benefits in the event he became disabled and unable to work.

6. The Knapheide Plan is a long-term disability employee benefit plan that provides LTD benefits to participants of the Plan in the event they become disabled on a long-term basis. The LTD benefit pays 66 2/3% of the employee's former salary. The LTD benefits are payable as long as the participant remains totally and permanently disabled, through age 65.

## II. FACTUAL ALLEGATIONS

A. **Vocational Information**

7. Plaintiff began employment with Knapheide in 1997.

8. Plaintiff worked as a Spray Painter for Knapheide. The job description for a Spray Painter at Knapheide is as follows:

    *"Reading blue prints and work orders; able to lift up to 50 pounds individually additional weight with assistance*; *Operate painting equipment and be able to paint Knapheide product to the company standards; Work at and above shoulder level; Operate grinder and dual action orbital sander; Operate hand held tools; maintain a clean, safe and orderly work area."*

2

**B. The Definition of "Disability or Disabled" Under the Plan.**

9. The LTD Plan defines "Total Disability" or "Totally Disabled" in the following way:

*"Total Disability" or "Totally Disabled" will be defined as follows:*

1. *During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.*

2. *After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.*
[LTD Plan, pg. 9]

10. The LTD Plan defines "Main duties" in the following way:

*"Main duties" or Material and Substantial Duties means those job tasks that:*
1. *are normally required to perform the Insured Employee's Own Occupation; and*
2. *could not reasonably be modified or omitted.*

*To Determine whether a job task could reasonably be modified or omitted, the Company will apply the American with Disability Act's standards concerning reasonable accommodation. It will apply the Act's standards, whether or not:*

1. *the Employer is subject to the Act; or*
2. *the Insured Employee has requested such a job accommodation.*

*An employer's failure to modify or omit other job tasks does not render the Insured Employee unable to perform the Main Duties of the Job."*
[LTD Plan, p. 6].

**C. Medical Information Supporting Plaintiff's Disability.**

11. In January of 2013, Plaintiff was forced to stop working due to the disabling effects of a traumatic brain injury resulting from a skull fracture sustained while trying to assist a stranger who was being attacked.

12. As a result of his injury, Plaintiff suffers from dizzy spells, headaches, vertigo upon turning his head, and debilitating shoulder pain.

3

13. Plaintiff, together with his treating physicians, has attempted to treat and diagnose his disabling conditions, but nothing has provided enough relief to allow him to return to work.

14. Plaintiff's physicians have consistently held that Plaintiff has remained totally disabled since he was forced to stop working in January of 2013, and that he continues to remain totally and permanently disabled today.

**D. Claim Information Under the Knapheide Plan.**

15. In January of 2013, Plaintiff was no longer able to work due to the severity of his conditions.

16. Lincoln initially approved Plaintiff's claim and paid his benefits for two years, until abruptly terminating them in August of 2015.

17. In that letter, Lincoln explained that the policy's "own occupation" period ended July 26, 2015, requiring Plaintiff to now prove he is disabled from performing the material duties of "any occupation", and alleged that Plaintiff is no longer disabled under this changed definition.

18. On February 9, 2016, Plaintiff filed an appeal of the denial of his LTD benefits, via the assistance of undersigned counsel.

19. As part of Plaintiff's appeal, Plaintiff submitted to Lincoln evidence supporting the fact that he remains totally disabled from working in his own occupation, or any other, including medical records, medical notes, a sworn statement from his treating physician, and literature on some of the medications he must take.

20. The medical information in Lincoln's claim file establishes that Plaintiff was entitled to receive long-term disability benefits under the Plan for the entire duration of the benefit period.

21. His physicians reported to Lincoln that he continues to be totally disabled.

22. Plaintiff provided significant proof of his disability.  Despite this proof, Defendants refused to pay Plaintiff his disability benefits.

23. In a letter dated February 25, 2016, Defendant Lincoln wrote to Plaintiff, via counsel, informing him that his appeal was received on February 10, 2016, and that Lincoln was in the process of reviewing his claim.

24. As of today's date, 48 days has passed since Lincoln received Plaintiff's appeal.

25. To date, Lincoln has not rendered a decision regarding Plaintiff's appeal.

26. Pursuant to the Department of Labor's Regulations, Lincoln was required to render a decision within 45 days of receipt of Plaintiff's appeal. 29 C.F.R. §2560.501-1(f)(3).

27. Plaintiff's administrative remedies are "deemed exhausted", once the deadline for decision has passed, so the claimant may then file a civil action. 29 C.F.R. §2560.503-1(l).

### III. CLAIMS FOR RELEIF

**COUNT 1:  WRONGFUL DENIAL OF LONG-TERM DISABILITY BENEFITS**

28. Paragraphs 1-26 are hereby re-alleged, and are incorporated herein by reference.

29. From January of 2013 until the present, Plaintiff has remained unable to perform the material duties of his own, or any, occupation.

30. Plaintiff has provided Defendants with substantial evidence verifying his total disability and eligibility for long-term disability benefits under the Knapheide Plan.

31. His physicians have reported that Plaintiff is unable to work due to the seriousness and severity of his disabling conditions.

32. Defendants have wrongfully denied Chad Hayden's long-term disability benefits in violation of the Plan and ERISA.

33. Defendants have breached the Knapheide Plan and violated ERISA by failing to pay disability benefit payments to Plaintiff at a time when the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan.

34. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his long-term disability benefits under the Knapheide Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

35. Following the denial of benefits under the Knapheide Plan, Plaintiff exhausted all administrative remedies required under ERISA, and/or as demonstrated by Defendants' actions herein, attempts to pursue further administrative remedies would have been futile. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Knapheide Plan.

36. As a proximate result of the aforementioned wrongful conduct of the Knapheide Plan, Plaintiff has damages for loss of long-term disability benefits in a total sum to be shown at the time of trial.

37. The wrongful conduct of Lincoln and the Knapheide Plan has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce his rights under the terms of the Knapheide Plan.

38. Defendant Lincoln abused its discretion by wrongfully denying Plaintiff's long-term disability benefits.

39. By denying Plaintiff's claim despite a plethora of evidence supporting his eligibility for benefits under the Plan, Defendants denied Plaintiff's claim in bad faith.

WHEREFORE, the Plaintiff, Chad Hayden, requests that this Honorable Court enter Judgment:

A. Finding that Chad Hayden is entitled to long-term disability benefits and order the Defendant to pay all past due benefits and pay for future monthly benefits as they become due.

B. Award the Plaintiff interest on the amount of past due benefits, which remain unpaid.

C. Award the Plaintiff his attorney's fees and costs.

D. Awarding all other relief as may be just and appropriate.

                Respectfully Submitted,

                /s Talia Ravis
                Talia Ravis
                MO Bar# 58366
                Law Office of Talia Ravis
                9229 Ward Pkwy, Ste. 370
                Kansas City, MO 64114
                816-333-8955 (tel)
                1-866-369-0965 (fax)
                travis@erisakc.com
                Attorney for Plaintiff Chad Hayden